UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

CHARLES W. CARSON,
    Plaintiff,

v.             No. 5:17-cv-2840

WILLOW VALLEY COMMUNITIES and
WILLOW VALLEY LIVING,
    Defendants.

## **O P I N I O N**

Defendants' Motion to Dismiss, ECF No. 5—Granted
Plaintiff's Motion to Amend Complaint, ECF No. 9—Denied
Plaintiff's Motion for More Definite Statement, ECF No. 11—Denied

**Joseph F. Leeson, Jr.**                             **February 7, 2018**
**United States District Judge**

### I.  BACKGROUND

In this pro se action, Plaintiff Charles W. Carson alleges that his former employer terminated him because of his age and in retaliation for various forms of protected conduct, chiefly, making complaints under the Occupational Safety and Health Act of 1970 (OSHA). Defendants Willow Valley Communities and Willow Valley Living (collectively, "Willow Valley") have moved to dismiss the complaint for failure to state a claim upon which relief may be granted. Carson opposes the motion and also moves to amend his complaint. This Court grants the motion to dismiss because Carson's Complaint does not state a claim that entitles him to relief: he has failed to allege a prima facie case under the Age Discrimination in Employment Act (ADEA), and seeks relief under other federal statutes that do not afford him a private right of action. Because this Court dismisses Carson's federal claims, it declines to exercise supplemental jurisdiction over his Pennsylvania state law retaliatory discharge claims. Lastly, because

Carson's proposed Amended Complaint does not remedy the defects that require the original Complaint to be dismissed, this Court denies leave to amend as futile.

### A. Procedural History

Carson filed his pro se Complaint against Willow Valley alleging violations of (1) "the Equal Employment Opportunity Commission (EEOC);" (2) the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621-634; (3) Section 11(c) of the Occupational Safety and Health Act of 1970 (OSHA), 29 U.S.C. § 660(c); (4) the Vietnam Era Veterans' Readjustment Assistance Act (VEVRAA), 38 U.S.C. §§ 4211-15; and (5) Pennsylvania common law under a theory of retaliatory discharge. ECF No. 1. Willow Valley filed a motion to dismiss the Complaint, ECF No. 5, to which Carson responded, ECF No. 6. Carson then filed a motion to amend his Complaint, ECF No. 9, to which Willow Valley responded, ECF No. 10. Carson's motion for leave to amend included a proposed Amended Complaint which added an additional count, alleging a violation of the Pennsylvania Whistleblower Law, 43 P.S. § 1421-28. In response to Willow Valley's opposition, Carson filed what he termed a motion for a more definite statement, ECF No. 11, to which Willow Valley responded, ECF No. 12.[1]

### B. Factual Background

Although Carson's Complaint is not entirely clear, it alleges the following facts. Plaintiff Charles W. Carson, a Vietnam era veteran and former U.S. Air Force combat pilot, started working for Willow Valley on October 24, 2014 as a security officer and concierge, tasked with

---

[1] In his motion for a more definite statement, Carson contends that Willow Valley's opposition to his motion for leave to amend is a "vague and ambiguous pleading." ECF No. 11. However, Willow Valley correctly points out that their opposition is not a "pleading" under the rules of civil procedure. ECF No. 12. In light of the liberal review accorded to pro se filings, this Court will construe Carson's motion for a more definite statement as a reply in support of his motion for leave to amend.

ensuring a safe environment around the Willow Valley clubhouse building and providing concierge services to residents. Compl. ¶¶ 8-9, 53. Carson and two other concierge employees reported to Roger Zerphey, Director of Security, Safety, and Transportation. Compl. ¶ 11. Carson worked eight-hour shifts on Fridays and Saturdays and two-hour shifts on Mondays; Carson did not receive any breaks during his eight-hour shifts. Compl. ¶¶ 13-15. Carson received $10.50 per hour, which he alleges was a pay rate below that of the other Security Corporate Officers, although his replacement received a similar rate. Compl. ¶ 16. Carson received no security training "other than the Clubhouse Concierge duties," and was not issued a security uniform until immediately prior to his termination, although all other security officers wore Willow Valley security uniforms. Compl. ¶¶ 17-18.

A Willow Valley resident, Frank Fox, expressed concerns to Carson about Zerphey's locking of emergency exit doors at the clubhouse during hours of operation. Compl. ¶ 72. Carson alleges that he brought "several complaints and or proceedings against Willow Valley" alleging violations of OSHA on January 17, 2015, March 27, 2015, April 13, 2015, and culminating in an OSHA complaint on April 16, 2015. Compl. ¶¶ 24-25. On April 17, 2015, OSHA Area Director Kevin Kilp called Zerphey to notify him of Carson's OSHA complaint. Compl. ¶¶ 40, 48.

Zerphey requested that Carson attend a meeting in his office on Friday, April 17, 2015, along with Jim Tracy, Director of Maintenance at Willow Valley and Zerphy's supervisor. Compl. ¶ 26. At the meeting, Zerphey discussed a series of emails Carson had sent to Zerphey, Cindy Sawicki, the Director of the Clubhouse of Willow Valley Living, and various other managers concerning issues with emergency equipment and emergency exits in the Clubhouse. Compl. ¶¶ 26-28. Zerphey suggested that Carson should not have included multiple managers on his emails in addition to Zerphey and Sawicki, and told Carson that Willow Valley required only

shift reports from employees, and that any safety concerns should be reported to his direct supervisor. Compl. ¶¶ 30-34.

During the meeting, Carson shared his concerns that the manager of the clubhouse restaurant had told another team member that Carson hired one of the restaurant dishwashers away from Willow Valley; Carson also described other "inappropriate comments and colloquy" by the restaurant manager to Carson. Compl. ¶¶ 35-36. Zerphey presented Carson with a written warning and performance evaluation, signed and dated April 16, 2015, a day before the meeting; Carson contends that this warning violated Willow Valley policies, which required the employee, not the supervisor, to fill out the performance document. Compl. ¶¶ 37-40, 49. Carson handwrote a declaration stating that the Willow Valley Clubhouse did not display various labor law posters or maintain an OSHA 300 recordkeeping log and read this declaration out loud to Zerphey. Compl. ¶¶ 62-63, 65. Tracy became visibly angry and demanded, "Where are you going with all of this?" Compl. ¶ 66. When Carson stated that he could not sign something that was not true,[2] Zerphey shouted "Charles, you are terminated." Compl. ¶ 67.

Carson contends that Willow Valley terminated him in retaliation for his OSHA complaints, "'mandatory reporting' of possible 'elderly abuse'" and unspecified "help to Clubhouse dishwasher Mr. Jonathan Balueger" in drafting and filing a complaint with the EEOC and Pennsylvania Human Relations Commission. Compl. ¶¶ 72-74.

Carson's proposed Amended Complaint includes the following additional facts. Carson was sixty-six years old when Willow Valley terminated him. Amend. Compl. ¶ 4. Additionally, he stated during the meeting with Zerphey and Tracy that he had become aware recently of an incident of possible elder abuse involving two Willow Valley residents that may have occurred at

---

[2] Although his allegations are unclear, Carson presumably refers to Zerphey's request that he sign the performance report.

4
020718

Lancaster General Hospital in Lancaster, Pennsylvania and at two buildings in the Willow Valley community; Carson recommended an investigation of the incident. Amend. Compl. ¶¶ 39-40.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss for Failure to State a Claim

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### B. Motion for Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that a court should "freely" give leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of substantial or undue prejudice, denial [of a motion to amend] must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by

amendments previously allowed or futility of amendment." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Given the liberal standard under Rule 15(a), "the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility." *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007).

In assessing futility, a trial court applies the same standard of legal sufficiency used in Rule 12(b)(6) motions. *Cardone Indus., Inc. v. Honeywell Int'l, Inc.*, No. CIV.A. 13-4484, 2014 WL 3389112, at *5 (E.D. Pa. July 11, 2014). However, the party opposing amendment bears the burden, and "if a proposed amendment is not clearly futile, then denial of leave to amend is improper." *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 229 (E.D. Pa. 2012) (quoting 6 Wright, Miller & Kane, Federal Practice & Procedure § 1487 (2d ed.1990)) (internal quotations omitted).

## III. ANALYSIS

### A. Count I—Violation of EEOC

Carson alleges retaliation and "violation of Equal Employment Opportunity Commission." However, as Willow Valley recognizes, violation of the Equal Employment Opportunity Commission is not a cause of action and, to the extent that Carson seeks relief under any of the antidiscrimination statutes the Commission oversees, his claims fail for lack of causation, as discussed below. Carson's Count I is dismissed.[3]

---

[3] To the extent that Carson claims retaliation for assisting his coworker with his EEOC and Pennsylvania Human Relations Commission charges, his claim also fails. Carson provides no explanation of his coworker's claim or the assistance he provided. Nor does he allege that Willow Valley knew that he had helped prepare the complaints. Carson's conclusory allegation that his "retaliatory discharge…was motivated by Carson's previous help to Clubhouse dishwasher Mr. Jonathan Balueger" does not state a sufficient claim. *See* Compl. ¶ 74.

Carson restates the same allegations in his proposed Amended Complaint; such allegations fail to state a claim for the same reason. Therefore, amendment of Count I is futile and leave to amend is denied.

### B. Count II—Age Discrimination in Employment Act

Carson alleges that Willow Valley's conduct toward him violated the ADEA. Where, as here, a plaintiff brings an ADEA claim based on indirect evidence, the plaintiff must establish a prima facie case of age discrimination by demonstrating that he (1) was over forty, (2) is qualified for the position, (3) suffered an adverse employment decision, and (4) was ultimately replaced by a person sufficiently younger to permit an inference of age discrimination. *Duffy v. Paper Magic Grp., Inc.*, 265 F.3d 163, 167 (3d Cir. 2001). If the plaintiff was not replaced, he may plead the fourth element by alleging facts that "raise an inference of age discrimination." *Furru v. Vanguard Grp., Inc.*, No. CV 14-05034, 2015 WL 5179407, at *4 (E.D. Pa. Sept. 4, 2015) (citing *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009)).

Carson cannot establish a prima facie case. He alleges that he received $10.50 per hour and that this rate was below all of the other security officers, but he does not allege that they were younger than him or provide any other allegations that connect his salary to his age. Compl. ¶ 86. Furthermore, Carson admits that his replacement received the same salary. *Id.*

Carson also complains that he was not issued a uniform until shortly before his termination, even though all the other security officers wore Willow Valley security uniforms. Compl. ¶ 18. However, an ADEA claim can only result from an adverse employment action sufficiently severe to have altered the employee's "compensation, terms, conditions, or privileges of employment, or to have deprived or tended to deprive him of employment opportunities or otherwise adversely affected his status as an employee." *Mayk v. Reading Eagle Co.*, No. CIV.A.

08-4866, 2010 WL 1141266, at *5 (E.D. Pa. Mar. 24, 2010) (citing *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1296–1297 (3d Cir. 1997), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)). Not every "insult, slight, or unpleasantness" gives rise to a valid claim. *Id.* In this case, not receiving a uniform does not rise to the level of altering Carson's terms of employment. *See Bennett v. Dallas Indep. Sch. Dist.*, 936 F. Supp. 2d 767, 784 (N.D. Tex. 2013) (holding that plaintiff not wearing a uniform even though all other security officers did was not so severe as to affect a "term, condition, or privilege" of employment, and thus did not give rise to hostile work environment claim). Nor does Carson suggest that Willow Valley did not give him a uniform because of his age.

Even if Carson intends to ground his ADEA claim on his termination, his claim fails. He suggests that he was fired in retaliation for the various complaints he made about potential OSHA violations, as well as alleged elder abuse. Carson links his termination to his protected activities, not to his age, stating: "Plaintiff has no way to identify which one of his protected activities prompted the abrupt termination of Plaintiff's employment or whether all of them in concert was the reason for the abrupt retaliatory discharge." Pl.'s Opp. Mot. Dismiss 5-6. Carson has not alleged facts supporting an inference that Willow Valley took any action to discriminate against Carson on the basis of his age; rather he only contends that he was over forty years of age and was terminated. These allegations do not suffice to state an ADEA claim. *Santiago v. Brooks Range Contract Servs., Inc.*, No. CIV.A. 11-7269, 2012 WL 1019060, at *2 (E.D. Pa. Mar. 26, 2012) ("Merely pleading that plaintiff was seventy-three years old when not hired cannot survive a motion to dismiss."); *Molisee v. Securitas Sec. Servs., USA, Inc.*, No. CIV.A. 11-1056, 2012 WL 13698, at *6 (W.D. Pa. Jan. 4, 2012) (dismissing ADEA claim where plaintiff alleged only

that he was over the age of 40 and terminated due to his age without any non-conclusory facts linking the plaintiff's age to his termination). Accordingly, Carson's ADEA claim is dismissed.

This Court denies Carson's motion for leave to amend with respect to the ADEA claim, because the amendments in the proposed Amended Complaint would be futile. Amendment is futile when the proposed amended complaint would not survive a Rule 12(b)(6) motion to dismiss. *See Holst v. Oxman*, 290 F. App'x 508, 510 (3d Cir. 2008) (holding that district court did not abuse discretion in denying leave to amend because proposed amended complaint failed to state a claim); *Brown & Brown, Inc. v. Cola*, No. CIV.A. 10-3898, 2011 WL 2745808, at *4 (E.D. Pa. July 13, 2011) (stating that because futility analysis on motion to amend is essentially the same as a Rule 12(b)(6) motion, a trial court may deny leave to amend where the amendment would not survive a motion to dismiss). Carson's ADEA claim in his proposed Amended Complaint does not remedy the deficiencies in the ADEA claim in the Complaint: it adds that he is over the age of forty, but otherwise repeats the allegations of the Complaint, and thus still fails to allege any facts that give rise to an inference of age discrimination.

Further amendment would be futile because Carson has had the opportunity to revise his claims to add any missing factual averments, but has not done so. Willow Valley's motion to dismiss placed Carson on notice of the deficiencies in the Complaint: Willow Valley pointed out that Carson's ADEA claim in his original Complaint did not include his age, such that Carson did not establish his membership in the protected class for purposes of his prima facie case, and did not allege any facts that Carson was replaced by a younger person or that younger employees were treated differently. Defs.' Mot. Dismiss 6. In responding to this motion, though, Carson added only his age, and otherwise rested on his arguments opposing the motion to dismiss the original Complaint. Pl.'s Mot. More Def. Stat. 2. This Court can only conclude that Carson

cannot cure the deficiencies in his ADEA claim. *See Franks v. Food Ingredients Int'l, Inc.*, No. CIV. A. 09-3649, 2010 WL 3046416, at *8 (E.D. Pa. July 30, 2010) (denying leave to amend previously amended complaint where motion to dismiss original complaint put plaintiff on notice of deficiencies, yet plaintiff failed to rectify them in his first amended complaint) (citing *Krantz v. Prudential Invs.*, 305 F.3d 140, 144 (3d Cir. 2002)); *see also Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 613–14 (6th Cir. 2005) (denying leave to amend after first dismissal was not an abuse of discretion where the plaintiff previously filed an amended complaint and was on notice of defects from a previous motion to dismiss that was filed but not decided); *Pezzoli v. Allegheny Ludlum Corp.*, No. 10-CV-0427, 2010 WL 2852988, at *2 (W.D. Pa. July 20, 2010) (concluding that, because plaintiff had the opportunity to amend his complaint but presented the same inadequate conclusory statements, plaintiff was unable to cure the deficiency in his complaint, and dismissing the amended complaint with prejudice). Therefore, this Court will deny the motion to amend with respect to Carson's ADEA claim and dismiss the claim with prejudice.

## C. Count III—OSHA Retaliation

Carson states that 29 U.S.C. § 660(c), Section 11(c) of OSHA, entitles him to relief because Willow Valley fired him in retaliation for his OSHA complaint. Section 11(c) prohibits retaliation against an employee who files an OSHA complaint:

> No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter.

29 U.S.C. § 660(c)(1). The statute allows an employee who feels he is the victim of retaliation to file a complaint with the Secretary of Labor; if, after investigation, "the Secretary determines that

10
020718

the provisions of this subsection have been violated, he shall bring an action in any appropriate United States district court." *Id.*

However, this statutory procedure is the exclusive remedy for an aggrieved employee: the statute does not allow a private right of action—that is, an individual may not bring a lawsuit on his own behalf for an OSHA violation. *Dille v. Day & Zimmermann NPS*, No. CIV.A. 13-2668, 2015 WL 3884889, at *2 (E.D. Pa. June 24, 2015) ("The statute does not provide for a private right of action—that is, it does not allow an individual to bring a lawsuit on his own behalf for a violation of this section—and the courts have held the same."); *Haines v. Bethlehem Lukens Plate Steel*, No. CIV. A. 99-CV-4206, 1999 WL 718564, at *2 (E.D. Pa. Aug. 31, 1999) ("Though section 11(c) of the Occupational Safety and Health Act, 29 U.S.C. § 660(c), prohibits retaliatory actions against individuals who file complaints with OSHA, it does not create a private right of action."); *Holmes v. Schneider Power Corp.,* 628 F. Supp. 937, 939 (W.D. Pa.) ("[W]e know of no case which held that § 660(c) did afford a private remedy and we believe that the *Taylor* court correctly decided that no such private right of action should be implied from the OSHA statute."), *aff'd*, 806 F.2d 252 (3d Cir. 1986). Carson cannot bring a private suit against Willow Valley for OSHA violations, so he cannot prevail on Count III of his Complaint. Accordingly, Count III is dismissed. Because Carson's Amended Complaint presents the same claim and seeks the same relief, amendment of Count III is futile, and leave to amend is denied with respect to Count III.

### D. Count IV—VEVRAA

Carson contends that Willow Valley violated VEVRAA by failing to post legally required notices in the clubhouse and by the "spontaneous termination" of Carson, a Vietnam veteran. However, Carson cannot prevail on this claim because, like OSHA, VEVRAA limits an

11
020718

aggrieved party's remedy to filing a complaint with the Secretary of Labor, who must then investigate and pursue litigation if warranted. *See* 38 U.S.C. § 4212(b); *Jackson vs. Dana Corp.*, No. CIV. A. 98-5431, 1999 WL 1018241, at *10 (E.D. Pa. Nov. 9, 1999). VEVRAA does not contain a private right of action. *Jackson*, 1999 WL 1018241, at *10; *Antol v. Perry*, 82 F.3d 1291, 1298 (3d Cir. 1996); *Douris v. Bucks Cty. Office of Dist. Attorney*, No. CIV.A.04-CV-232, 2005 WL 226151, at *12 n.17 (E.D. Pa. Jan. 31, 2005) (citing circuits that have found no private right of action under VEVRAA). Therefore there is no legal basis for Carson's VEVRAA claim. It is dismissed. Because Carson's Amended Complaint presents another VEVRAA claim, amendment of Count IV is futile, and leave to amend is denied with respect to Count III.

### E. State Law Claims

In Count V of his original Complaint, Carson requests that this Court exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over a claim under Pennsylvania state law for retaliatory discharge. Carson's proposed Amended Complaint includes the retaliatory discharge claim as Count VI and adds a claim under the Pennsylvania Whistleblower Law, 43 P.S. § 1421-28, as Count V. ECF No. 9-2 at 22.

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a state law claim when the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The Third Circuit has held that once a district court has dismissed all claims with an "independent basis of federal jurisdiction," "the case no longer belongs in federal court." *Mun. Revenue Servs., Inc. v. McBlain*, No. CIV.A.06-4749, 2008 WL 2973852, at *10 (E.D. Pa. Aug. 4, 2008), *aff'd*, 347 F. App'x 817 (3d Cir. 2009) (quoting *Markowitz v. Ne. Land Co.,* 906 F.2d 100, 106 (3d Cir. 1990)). In a situation like this case, where a court has dismissed the federal claims, it may decline jurisdiction over state law claims as long

as "considerations of judicial economy, convenience, and fairness to the parties" do not require the court to hear the action. *Tapp v. Brazill*, No. CIV.A. 11-677, 2011 WL 6181215, at *6 (E.D. Pa. Dec. 13, 2011), *aff'd*, 645 F. App'x 141 (3d Cir. 2016) (citing *Boneberger v. Plymouth Tp.*, 132 F.3d 20, 23 (3d Cir. 1997)).

No such considerations warrant retaining jurisdiction here. Because this Court grants the motion to dismiss all of Carson's federal claims, this Court declines to exercise supplemental jurisdiction over Carson's state law claims, and dismisses those claims without prejudice to replead them in the appropriate state court should Carson so choose.[4] *See Kahn v. Am. Heritage Life Ins. Co.*, 324 F. Supp. 2d 652, 657 (E.D. Pa. 2004) (dismissing state law claims without prejudice to replead in state court after dismissal of sole federal claim).

---

[4] The parties are reminded that the statute of limitations for these claims was tolled during the pendency of this action and "for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.")

## IV. CONCLUSION

For the reasons discussed above, Willow Valley's Motion to Dismiss is granted. Carson's Counts I through IV are dismissed with prejudice. Because the Court dismisses Carson's federal claims, it declines jurisdiction over Carson's state law claims and dismisses Count V without prejudice. Carson's Motion to Amend Complaint and Motion for a More Definite Statement are denied.

An appropriate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge